UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DELFINO ROQUE VALDEZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-25-1250-R |
| | ) |
| **RUSSELL HOLT, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# ORDER

Petitioner, a citizen of Guatemala that entered the United States more than ten years ago, is charged under Immigration and Nationality Act § 212(a)(6)(A)(i) as being an alien present in the United States without being admitted or paroled. His removal proceedings are ongoing and he is currently detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). He filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] contending that § 1225(b)(2)(A) does not apply to noncitizens like him who previously entered the country without inspection and that his continued detention without a bond hearing violates his due process rights.

The matter was referred to United States Magistrate Judge Amanda L. Maxfield under 28 U.S.C. § 636(b)(1)(B), (C). Judge Maxfield issued a Report and Recommendation [Doc. No. 11] recommending that the Court grant the Petition in part and order Respondents to provide Petitioner with a bond hearing. Respondents filed a timely Objection, which obligates the Court to undertake a de novo review of the issues. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

As Judge Maxfield succinctly explained in her Report, the key question in this case is whether Petitioner is properly detained pursuant to § 1225(b)(2)(A) or whether he must instead be detained pursuant to § 1226(a). The issue is significant because § 1225(b)(2)(A) provides for mandatory detention whereas § 1226(a) provides for conditional parole or release on bond pending a decision in the removal proceedings. But before turning to the merits of that question, the Court addresses a jurisdictional challenge raised by Respondents.

Respondents argue that 8 U.S.C. § 1252(g) deprives this Court of jurisdiction to consider Petitioner's claims. This provision provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). The Supreme Court has repeatedly indicated that this provision is to be read narrowly and applies only to the three discrete actions referenced in the statute, i.e. the "decision or action" to "commence proceedings, adjudicate cases, or execute removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We did not interpret this language to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves."); *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1907 (2020) ("Section 1252(g) is similarly narrow.")

Here, Petitioner is not challenging the discretionary decision to commence a removal proceeding or the process by which his removability will be adjudicated. Instead, he is challenging the legal question of whether he is subject to mandatory detention under § 1225(b)(2)(A) or detention under § 1226(a). As such, his claims do not fall within the narrow jurisdictional bar stated in 8 U.S.C. § 1252(g). *See Colin v. Holt,* No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025) ("Accordingly, because Petitioner does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders, the Court concludes that 8 U.S.C. § 1252(g) does not jurisdictionally bar consideration of the Petition."); *Martinez Diaz v. Holt*, No. CIV-25-1179-J, 2025 WL 3296310, at *1 (W.D. Okla. Nov. 26, 2025) ("Because Petitioner does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders, the Court concludes that § 1252(g) does not jurisdictionally bar his Petition.").

Turning to the merits of the dispute, the Court consider whether Petitioner is properly detained pursuant to § 1225(b)(2)(A). This provision states:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A). Respondents contend this provision applies to Petitioner because he is plainly an "applicant for admission," which is defined as "an alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Petitioner counters that § 1225(b)(2)(A) applies to recent arrivals and those

3

seeking admission at a border and that a different provision, § 1226(a), applies to aliens that have been unlawfully living in the United States. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.").

The Seventh Circuit recently considered this issue in *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514 (7th Cir. Dec. 11, 2025). Although the Seventh Circuit was considering the issue in a "preliminary" posture, *id.* at *12, the analysis is persuasive. The Seventh Circuit, relying on the text and structure of the two provisions, concluded that the government's argument was likely to fail on the merits:

> That's because § 1225(a)(1) defines an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). And while a noncitizen arrested in the Midwest might qualify as "an alien present in the United States who had not been admitted," § 1225(a)(1), the mandatory detention provision upon which Defendants rely, limits its scope to an "applicant for admission" who is "seeking admission," § 1225(b)(2)(A). Put another way, "U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)."

*Id.* at *9 (quoting *Jennings,* 583 U.S. at 289). Petitioner, who has been residing in the United States for many years and was already in the country when he was apprehended, falls outside the scope of § 1225(b)(2)(A) because he is not also an "alien seeking admission."

Respondents contest this reading and posit that the statute's reference to "aliens seeking admission" is just another way of referring to aliens who are "applicants for admission." Again, the Seventh Circuit's analysis is apt:

4

> [A]dmittedly, this argument has some superficial appeal. After all, a person does not apply for something they are not seeking. Moreover, § 1225(a)(3), which Defendants point to, refers to noncitizens "who are applicants for admission or *otherwise* seeking admission," 8 U.S.C. § 1225(a)(3) (emphasis added), suggesting that "applicants for admission" are those "seeking admission." But it is Congress's prerogative to define a term however it wishes, and it has chosen to limit the definition of an "applicant for admission" to "an alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). It could easily have included noncitizens who are "seeking admission" within the definition but elected not to do so.
>
> What is more, Defendants' construction would render § 1225(b)(2)(A)'s use of the phrase "seeking admission" superfluous, violating one of the cardinal rules of statutory construction.

*Id. See also Colin*, 2025 WL 3645176, at *2 ("The Court finds that § 1225(b)(2)(A) unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control."); *Medina-Herrera, v. Noem.*, No. CIV-25-1203-J, 2025 WL 3460946, at *3 (W.D. Okla. Dec. 2, 2025) ("[I]f all applicants for admission are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant."); *Corona Diaz v. Olson*, No. 25 CV 12141, 2025 WL 3022170, at *4 (N.D. Ill. Oct. 29, 2025) ("Because of § 1225(a)(1), the universe of 'applicants for admission' is not coextensive with noncitizens 'seeking admission.' If the categories overlapped perfectly, there would be no need for Congress to have used the phrase 'seeking admission' in § 1225(b)(2)(A).").

Thus, "based on § 1225(b)(2)(A)'s plain language, the Court concludes that the section only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Martinz Diaz*, 2025 WL 3296310 *3. Because Petitioner has been unlawfully living in the United States for many years without seeking

5

admission, this provision does not apply to him. Instead, Petitioner's detention is controlled by § 1226(a).[1]

"Noncitizens detained under § 1226(a) are generally entitled to a prompt bond hearing before an immigration judge" and "Respondents raise no objection challenging their obligation to provide bond hearings for noncitizens under § 1226(a)." *Id.* Accordingly, Petitioner is entitled to a bond hearing as set out in § 1226(a).

After conducting a full de novo review, the Court ADOPTS the Report and Recommendation [Doc. No. 11] and GRANTS the Petition, in part, as set out above.[2] Respondents are directed to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a) or otherwise release Petitioner.

IT IS SO ORDERED this 22nd day of December, 2025.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court concludes that the plain language of § 1225 does not apply to Petitioner, there is no need to address Respondent's arguments regarding the title, purpose, and historical interpretation of the statue.

[2] Given that the Court has granted Petitioner's request for a bond hearing, the Court declines to address Petitioner's due process claim at this time.